IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZACHERY DEAN WATSON                                                                   PLAINTIFF

V.                              NO. 4:23-cv-00351-JM-ERE

DARREL ELKIN, *et al.*                                                               DEFENDANTS

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

On April 13, 2023, Plaintiff Zachery Dean Watson, a pre-trial detainee at the Conway County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Watson's complaint alleges that: (1) Dr. Darrel Elkins failed to adequately treat his shoulder and kidney pain on one occasion; (2) unidentified Detention Facility staff opened his "legal mail"; and (3) he is "in fear"

that Detention Facility staff will retaliate against him. *Doc. 2 at 5*. Mr. Watson has sued Dr. Darrel Elkin, County Facilities Healthcare of Arkansas LLC, Jail Administrator Shane West, and Sheriff Mike Smith. He requests money damages and injunctive relief.

On April 14, 2023, the Court entered an Order explaining to Mr. Watson that his original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 3*. The Order specifically warned Mr. Watson that if he failed to file an amended complaint, the Court would screen his original complaint, which would likely result in the dismissal of this case. *Id. at 4*.

To date, Mr. Watson has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. The Court will therefore screen Mr. Watson's original complaint, as required by 28 U.S.C. § 1915A.[1]

### III. Discussion:

#### A. Medical Deliberate Indifference

As a pre-trial detainee, Mr. Watson's deliberate indifference claims are analyzed under the Fourteenth Amendment. However, the Eighth Circuit has

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

repeatedly "applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates." *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

To state a medical deliberate indifference claim against Defendant Elkin, Mr. Watson must allege facts to show that: (1) he had an objectively serious need for medical care; and (2) Defendant Elkin subjectively knew of, but was deliberately indifferent to, his serious medical need. See *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019). Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Assuming Mr. Watson's allegations to be true, Defendant Elkin failed to properly examine Mr. Watson on one occasion for his complaints of a shoulder injury and kidney pain because of Mr. Watson's sexual orientation. Based on these facts, although Defendant Elkin may have been negligent, or even grossly negligent, in failing to examine Mr. Watson, such conduct fails to rise to the level of a constitutional violation. Notably, Mr. Watson has failed to allege that: (1) he

suffered from an objectively serious medical need;[2] or (2) Defendant Elkin's actions was deliberately indifferent to that need.

In addition, although Mr. Watson complains that he continues to suffer from shoulder pain, he fails to allege that he suffered any further injury as a result of Defendant Elkin's conduct on this single occasion. Therefore, he has failed to state a plausible constitutional claim for relief against Defendant Elkin.

### B. Access to Courts Claim

Mr. Watson's complaint alleges that unidentified Detention Facility staff opened his "legal mail" outside of his presence. However, privileged prisoner mail is narrowly defined as mail to or from an inmate's attorney and identified as such. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Here, Mr. Watson alleges that unidentified staff opened mail from the Court outside of his presence. Such conduct, even if true, fails to rise to a constitutional level.

### C. Retaliation Claim

Mr. Watson's complaint alleges that he is "in fear of retaliation." *Doc. 2 at 5*. To state a retaliation claim, Mr. Watson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him

---

[2] A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). Mr. Watson's complaint fails to allege sufficient facts to state a plausible retaliation claim.

### D. Defendant County Facilities Healthcare of Arkansas LLC

A private corporation acting under color of state law "may only be held liable under § 1983 for its own unconstitutional policies." *De Rossitte v. Correct Care Sols., LLC*, 22 F.4th 796, 803-04 (8th Cir. 2022); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Accordingly, Mr. Watson would have to allege that a policy, custom, or action caused him to suffer a constitutional injury. Mr. Watson's complaint fails to include any such allegations. Accordingly, he has failed to state a plausible claim for relief against County Facilities Healthcare of Arkansas LLC.

### E. Defendants West and Smith

Likewise, a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

Mr. Watson's complaint fails to include any factual allegations regarding any unconstitutional conduct by Jail Administrator Shane West or Sheriff Mike Smith. Accordingly, he has failed to state a plausible constitutional claim for relief against those Defendants.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Watson's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

4.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 7 June 2023.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE